82 F.3d 420
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frank BARWACZ, individually and on behalf of all other
persons similarly situated, Plaintiff-Appellant,
v.
CITY OF CHICAGO, A Municipal Corporation, City of Chicago
Commission on Human Relations and Clarence N. Wood, in his
official capacity as Chair/Commissioner of the City of
Chicago Commission on Human Relations, Defendants-Appellees.
 No. 95-2569.
 United States Court of Appeals, Seventh Circuit.
 Argued March 29, 1996.
Decided April 11, 1996.
 
 Before CUMMINGS, MANION, and EVANS, Circuit Judges.
 
 ORDER
 
 1
 In August 1992 plaintiff Frank Barwacz filed a complaint with the Chicago Commission on Human Relations against McDonald's Corporation and others for discrimination. McDonald's restaurant allegedly discriminated against him "because he purchased food for persons whose source of income is charitable contributions and/or for persons who are African-American." The Commission dismissed the claim in March 1993 for lack of substantial evidence. Barwacz then filed a request for review with the Commission, which was denied in April 1993. Instead of filing a state court action seeking a writ of certiorari to review the Commission's decision, approximately two years later plaintiff filed this class action under 42 U.S.C. § 1983 in district court. He complained that the Commission's procedures deprived him of due process in violation of the Fourteenth Amendment, including denial of a full hearing and cross-examination of witnesses. Before Barwacz could certify the class, the district court dismissed the case for failure to state a claim. The court held that the availability of review in state court through a common law writ of certiorari supplied adequate process.
 
 
 2
 We affirm the dismissal, but on the grounds that the district court lacked jurisdiction by virtue of the Rooker-Feldman doctrine. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462; Rooker v. Fidelity Trust Co., 263 U.S. 413. Under the Rooker-Feldman doctrine, a district court has no jurisdiction to review the decision of state tribunals acting in a judicial capacity. See Levin v. Attorney Registration and Disciplinary Comm'n of the Supreme Court of Ill., 74 F.3d 763 (7th Cir.1996). In Feldman, the Supreme Court construed 28 U.S.C. § 1257, which provides that "[f]inal judgments ... rendered by the highest court of a state ... may be reviewed by the Supreme Court," as granting only the Supreme Court the power to review final state court decisions. 460 U.S. at 476. It is immaterial that plaintiff is seeking review of the decision of a state administrative agency rather than a court. Buckley v. Illinois Judicial Inquiry Bd., 997 F.2d 224, 227 (7th Cir.1993). As we observed there, the Rooker-Feldman doctrine would prohibit review of an Illinois Courts Commission decision. See also Rekhi v. Wildwood Indus., Inc. 61 F.3d 1313, 1320 (7th Cir.1995) (citing additional authority). It makes no difference that Barwacz is challenging the procedures of the state tribunal rather than its substantive decision, because the Rooker-Feldman doctrine precludes jurisdiction in the district court when the claims raised in federal court are "inextricably intertwined" with the tribunal's decision. Levin, 74 F.3d at 766-67. As in Levin, Barwacz's claims here are based on injuries directly attributable to an alleged erroneous state decision, and they are thus barred under Rooker-Feldman.
 
 
 3
 The district court reached the merits of Barwacz's Section 1983 claim, and we hold now that it lacked jurisdiction to do so. The district court's judgment is therefore modified to make the dismissal of the complaint solely jurisdictional, and as so modified is AFFIRMED.